W. J. WALLACE v. WESTERN N. C. RAILROAD COMPANY.

*Evidence— Common Carriers—Burden of Proof—Contributory Negligence—Damages.*

1. The burden of proving contributory negligence is placed, by statute (Acts '87, chap. 33), upon the defendant, and it was competent for the Legislature to enact it.

2. The defendant can avail himself of anything in plaintiff's evidence tending to disprove contributory negligence, but this does not change the burden of proof as fixed by statute.

3. Inquiring into a plaintiff's age, earnings, past earnings and kind of service are all competent. as elements, in considering the *quantum* of damages; but what were his *accumulated* earnings are immaterial.

4. Where the plaintiff has been injured by the negligent conduct of the defendant, he is entitled to recover damages for past and prospective loss resulting from defendant's wrongful and negligent acts; and these may embrace indemnity for actual expenses incurred in nursing and medical attention, loss of time, loss from inability to perform mental or physical labor, or of capacity to earn money, and for actual suffering of body and mind, which are the immediate and necessary consequences of the injuries.

This was a CIVIL ACTION, tried at the Fall Term, 1889, of McDOWELL Superior Court, before *Philips, J.*, for damages for personal injuries by defendant. The facts are reported in same case in 98 N. C., 494, and 101 N. C., 454.

The issues submitted were:

1. Was plaintiff injured by the negligence of defendant as alleged in the complaint? Answer: Yes.

2. Did the plaintiff contribute to his injury by his own negligence? Answer: No.

3. What damage, if any, has plaintiff sustained? Answer $3,000.

Among many other things the plaintiff testified: "At that time (meaning the time he was hurt) I was getting

$1.50 and board. I was always at work, the weather permitting." His business was that of a carpenter.

Defendant's counsel asked what his net earnings at his trade were?

Plaintiff objected to the question. Objection sustained.

Defendant excepted, and assigned as error that the question was competent to show the real value of his services to his family, under *Kesler* v. *Smith*, 66 N. C., 154.

The defendant offered no evidence, and at the close of plaintiff's evidence asked that the following instructions be given the jury, to-wit:

1. That a passenger on a freight train accepts passage on the same, taking the risk of the usual incidents and conduct of a freight train, if managed by prudent and competent men.

2. That in the management and movement of a freight train the jerking is inevitable, and is not to be ascribed to negligence, or want of skill, or improper management on the part of the agents of the company.

3. That it is not expected that a company will provide its freight trains with all conveniences and safeguards against danger that are required in the operation of passenger trains.

4. It is usual and proper for a passenger to remain in his seat, and especially so on freight trains, while being transported.

5. That if the plaintiff, by remaining in his seat, could have avoided the injury, and his getting up was the cause of the same, then he contributed to his injury by his negligence.

6. There being no dispute about the fact that the plaintiff did get up from his seat, and was injured by reason thereof, the Court should find, as a proposition of law, that he contributed to his injury by his negligence, and direct the second issue to be found for the defendant.

7. That there is no evidence the locomotive was over-loaded.

8. In assessing the damages the plaintiff is entitled to recover, the jury should award the plaintiff compensation only for the injuries he suffered.

9. That the burden of proof, in the light of the evidence in this case, is upon plaintiff to show negligence on the part of the defendant, because there is excited in the mind of the Court by his (plaintiff's) evidence a suspicion of contributory negligence on his part; and, further, in the light of the evidence in the case, the burden of proving contributory negligence is not upon the defendant, but upon the plaintiff, to disprove the same. This is so, because the plaintiff's own evidence does raise a suspicion of negligence on his part.

10. That the fact that a man is injured does not give him a right to recover damages from the defendant.

The Court gave the jury the first, second, third and tenth instructions, as prayed for by defendant's counsel, and gave the fourth instruction modified as follows, viz. :

" It is usual and proper for a passenger to remain in his seat, and especially so on freight trains, when he has reason to believe there is danger in any other position than being seated, while being transported."

The Court gave the eighth instruction prayed for as modified in the written charge.

The defendant· excepted to the refusal of the Court to give the jury, in charge, the fifth, sixth, seventh and ninth instructions as contained in defendant's prayer, and because the fourth instruction was modified by adding, " when he has reason to believe there is danger in any other position than being seated ;" and further, because the eighth instruction was not given as asked.

The Court charged the jury as follows, to-wit:

" The plaintiff in this action seeks to recover damages for injuries sustained by reason of the alleged negligence of the defendant.

" Negligence is the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do. It is incumbent upon the plaintiff to show such a state of facts, to the satisfaction of the jury, as would entitle him to recover.

" This he may do by direct proof, showing to the jury that the defendant was negligent in the management and running of the train, and that the injury was the result of that negligence, or that he was rightfully on the cars of the defendant, and that he was in his place provided for passengers, using the usual watchfulness and care that a prudent man would exercise, under like circumstances, on a mixed train of the character described by the witness, and was injured. In this last case, the burden would shift to the defendant to show that the injury was not the result of the negligence of the defendant.

" If the train was negligently and carelessly handled, so as to produce unusual jars and jerks of a severity unusual to mixed trains of the one described, and the company carrying passengers on such train did not exercise every reasonable care, and take every reasonable precaution against injury or danger to the life of such passengers which the appliances for that mode of transportation will admit of, it is negligence; and, in passing upon this question, this jury can look at the evidence of the length of the train and the overloading, the condition of the track, the stalling at the grade, and everything else that has been brought out in evidence on the trial. [Read from decision 98 N. C., at page 498, beginning with paragraph, ' A caboose,' at bottom of page 498, down to and including 'travel,' in third line of

page 499.] Though the jury should find there was negligence, and answer the first issue Yes, and that the defendant did not use every reasonable precaution against injury or danger to the life of passengers which the appliances for that mode of transportation will admit of, yet the plaintiff would not be entitled to recover if he did not exhibit the necessary watchfulness, and use that care which a prudent man would exercise under like circumstances on a train of this character to avoid the injury. It is well settled that a person cannot recover for an injury to which he contributed by his own want of ordinary care. If his own carelessness was the contributory and proximate cause of the injury, he is not entitled to recover damages.

"The burden of showing contributory negligence on the part of the plaintiff rests upon the defendant company, but the defendant may avail itself of any evidence offered by the plaintiff to establish that fact as effectually as if it was offered by itself.

"Does the evidence offered by the plaintiff, then (the defendant introduces no evidence), constitute contributory negligence, and was that negligence the proximate cause of the injury?

"If the evidence in this case satisfies the jury that the plaintiff knew, or, by ordinary care, could have known, that the train was likely to be backed against the part to which the caboose was attached, and that some concussion or jar would be the result, and then, without thinking about the train being backed, and, without paying any attention to whether it was or not, left his seat and got up in the car and was thrown down and injured, when he would not have been had he kept his seat, his negligence was the proximate cause of the injury, and he would not be entitled to recover. *Smith* v. *Railroad*, 99 N. C., 245.

"If the jury should answer the first issue, Yes, and the second issue, No, then they will consider the third issue as

to damages; and, in this class of cases, the plaintiff is entitled to recover as damages one compensation for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money. Plaintiff is to have a reasonable satisfaction (if he is entitled to recover) for loss of both bodily and mental powers, or for actual suffering, both of the body and mind, which are the immediate and necessary consequences of the injury.

"There is no evidence, however, offered that anything was paid for actual nursing, or any amount was paid for medical attendance."

The Court gave this last paragraph in the form of a question to counsel.

When counsel for plaintiff stated they did not ask that the jury should consider the nursing or medical attendance in making up their verdict as to damages, the Judge added:

"You need not consider these items in making up your verdict, if you should arrive at that point."

The defendant excepted to the charge of the Court.

The defendant assigns the following as errors of law committed by the Court:

1. The Court's refusal to allow the defendant to ask the plaintiff what his net earnings were in the exercise of his trade. It was competent upon the question of damages to be assessed in favor of the plaintiff.

2. The Court's refusal to instruct the jury, as required in the fourth instruction prayed by the defendant, that it was "usual and proper for a passenger to remain in his seat, and especially so on freight trains, while being transported."

3. The Court's refusal to instruct the jury, as prayed in the fifth instruction of defendant, "that, if the plaintiff, by remaining in his seat, could have avoided the injury, and

his getting up was the cause of the same, then he contributed to his injury by his negligence."

4. The Court's refusal to instruct the jury, as requested in the sixth prayer of defendant, "there being no dispute about the fact that the plaintiff did get up from his seat, and was injured by reason thereof, the Court should find, as a proposition of law, that he contributed to his injury by his negligence, and direct the jury to find the second issue in favor of the defendant."

5. The Court's refusal to instruct the jury, as prayed, "that there is no evidence that the locomotive was overloaded."

6. The Court's refusal to instruct the jury, as prayed in the eighth prayer of defendant, "that, in assessing the damages the plaintiff is entitled to recover, the jury should award the plaintiff compensation only for the injuries he suffered."

7. The refusal of the Court to instruct the jury, as prayed in the ninth prayer of the defendant, "that the burden of proof, in the light of the evidence in this case, is upon the plaintiff to show negligence on the part of defendant, because there is excited in the mind of the Court by his (plaintiff's) evidence a suspicion of contributory negligence on his part; and, further, in the light of the evidence in the case, the burden of proving contributory negligence is not upon the defendant, but upon the plaintiff to disprove the same. This is so, because the plaintiff's own evidence does raise a suspicion of negligence on his part."

8. The laying down to the jury, in the Court's charge, abstract propositions, without applying the principles to the facts in this case.

9. In not saying to the jury there was no evidence of the length of the train, it only being shown it was a long train.

10. In not instructing the jury they could not consider, on the question of damages to which he was entitled, what plaintiff had paid for medical aid and nursing. The Court

should have gone further than to say there was no evidence of the amount paid.

There was a motion for a new trial, which was overruled, and the Court gave judgment for plaintiff. And, in his motion for a new trial, the defendant's counsel especially limited his exceptions to the " refusal to charge as requested," and to the charge as given by the Court, stating that it was all matter of record, the evidence being taken down and the charge of the Judge being reduced to writing. The assignments of error were filed after the verdict of the jury.

There was an appeal by defendant.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for plaintiff.
*Messrs. F. H. Busbee* and *C. M. Busbee*, for defendant.

CLARK, J.: When this case was here the first time (98 N. C., 494), the evidence being substantially the same as now sent up, the Court held that the Judge below erred in instructing the jury that there was no evidence of contributory negligence, and that such issue should have been submitted to the jury. When the case was again before this Court (101 N. C., 454), while it went off upon another point, the same exceptions to the charge upon the first two issues were made substantially as now, and this Court said: "In respect to other assignments of error, we are of opinion that there was evidence to go to the jury tending to prove that the locomotive was overloaded, and of careless management of it; that the Court could not properly instruct the jury, in the light of all the evidence, that the injury sustained by the plaintiff was the result of a mere accident, nor should it have been said to them that, in view of all the evidence, the plaintiff could not recover, nor that, accepting the plaintiff's own evidence as true, he was chargeable with contributory negligence." As the evidence now is almost literally the same, with the addition, by plaintiff, of the omitted fragment of

104—29

testimony which then procured the defendant a new trial, we think that this is conclusive of all the points raised by defendant's assignment of errors applicable to the first and second issues, except the seventh and eighth assignments.

The statute (Ch. 33, Acts 1887) places the burden of proving contributory negligence upon the defendant. This only affects the remedy and impairs no vested right. It was competent for the Legislature to enact it. It was not error, therefore, to refuse to charge, as asked by defendant, " in the light of this case the burden of proving contributory negligence is not upon the defendant, but upon the plaintiff to disprove the same." The defendant can avail himself of anything appearing in plaintiff's evidence which tends to disprove contributory negligence, but this does not change the burden of proof as fixed by the statute

Nor can we sustain the eighth assignment of error. His honor's charge was a careful application by him of the principles of law appropriate to the different phases of fact as they should be found by the jury.

It is urged, however, there was error in the Court's refusal to allow defendant to ask the plaintiff what his net earnings were in the exercise of his trade. *Kesler* v. *Smith*, 66 N. C., 154. What plaintiff's accumulations had been was an immaterial matter. He might have chosen to spend his earnings or to hoard them. That could not affect the damages sustained by reason of his injuries. Nor would it make any difference whether he had a large family dependent on him or not, except in cases where the circumstances would entitle the plaintiff to recover exemplary damages. 2 Wood Railways, 1242. An inquiry, however, as to his earnings in his business is competent. It is not itself a rule of damages. There are many other elements of damages to be considered, and, "upon all the circumstances, it is for the jury to say what is a reasonable and fair compensation which the defendant should pay the plaintiff, by way of compensation,

for the injury he has sustained." Lord Coleridge in *Philips v. N. W. Railway Co.*, 42 L. T. Rep., N. S., 6. In the same opinion, which is a very clear and able exposition on this subject, his Lordship directs the attention of the jury to the amount of plaintiff's earnings, as one of the material circumstances to be considered by them.

In *Nash* v. *Sharp*, 19 Hun., 365, PRATT, J., says: "Evidence of the nature and extent of the party's business, or how much he was *earning from his business or realizing from fixed wages*, is proper upon the question of damages."

"The age and occupation of the injured person, the value of his services, that is, *the wages which he has earned* in the past, whether he has been employed at a fixed salary or as a professional man are proper to be considered." 2 Wood Railway 1240, and cases there cited.

The rule is indeed well settled, and had the jury been cut off from the information which could properly be brought out by the inquiry, it would have been our duty, without disturbing the findings of the jury upon the first two issues, to have directed a new trial upon the third issue, as to the amount of damages, as was done in *Burton* v. *Railroad*, 84 N. C., 192. But on examination of the record, we find that the plaintiff had replied immediately before the excluded inquiry, to a question by defendant's counsel, "At that time I was getting $1.50 per day and board. I was always at work, the weather permitting." This, we take it, was a clear statement that his net earnings were $1.50 per day, when the weather permitted, in his trade of "bricklayer and plasterer." If the question excluded was intended to repeat the inquiry already answered, it was no error to exclude it. If it was meant by it to inquire what were his net earnings at his trade after supporting himself and family, it was incompetent. That a man's wages may be required in the support of his family, without leaving him any "nett" earnings, in no wise diminishes his damages in losing his

capacity to earn them. If the object was to show that $1.50 was more than his usual earnings, the question should have been so framed, or this purpose stated by counsel.

As to the sixth assignment of error, the Court charged the jury:

"In this class of cases the plaintiff is entitled to recover as damages one compensation for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money. Plaintiff is to have a reasonable satisfaction (if he is entitled to recover) for loss of both bodily and mental powers, or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury." And added: "There is no evidence, however, offered that anything was paid for actual nursing, or any amount was paid for medical attendance. You need not consider these items in making up your verdict, if you should arrive at that point."

The proposition of law laid down seems to be a *verbatim* quotation from 3 Sutherland on Damages, 261, and is sustained by the numerous authorities there cited. Upon an examination of the record, we find no ground to sustain the tenth assignment of error. The Court instructed the jury not to consider those items in making up their verdict, if they should come to that issue.

Affirmed.