BURT BROWN, BY HIS NEXT FRIEND, v. KINSTON MANUFACTURING CO.

(Filed 13 March, 1918.)

1. **Master and Servant—Employer and Employee—Duty of Master—Safe Place to Work—Evidence—Negligence—Accident.**

The plaintiff, employed to assist in loading slabs upon railroad cars, conveyed to him for the purpose, upon a triangular, slanting "slide" 50 or 70 feet long, was injured by some of the slabs coming down the slide upon him unexpectedly, and in his action to recover damages of his employer there was evidence in his behalf that it was caused by a defective or knotted rope, operating a "tipple," used for the purpose of sending down the slabs when wanted for the purpose of loading; and in defendant's behalf that the plaintiff had been instructed and knew how to operate the rope controlling the "tipple," and that his injury was caused by his own negligence therein: *Held*, the court having properly charged the jury upon the law of negligence, contributory negligence, and the negligence of a fellow servant, the verdict in plaintiff's favor should be sustained under the rule that when a thing which causes injury is shown to be under the defendant's management and the accident would not ordinarily happen if proper care had been observed by him, it furnishes evidence of the defendant's negligence in failing to exercise the care required of him. *Cochran v. Mills Co.*, 169 N. C., 63, cited and applied.

2. **Negligence—Personal Injury—Physician—Duty of Servant.**

The plaintiff cannot recover for his pain and suffering solely caused by his own neglect to call in a physician or his inattention to the wound, in his action to recover damages for a personal injury. The charge of the court in this case is approved.

3. **Damages—Personal Injury—Earning Capacity.**

As an element of damages to be awarded in a personal injury case, the jury may estimate the amount of the plaintiff's diminished earning capacity as of the present time. *Fry v. R. R.*, 159 N. C., 357, cited and applied.

4. **Instructions—Charge as a Whole—Appeal and Error.**

A charge by the court to the jury should be construed as a whole, each part in connection with the others, and if correct when so construed error assigned as to one portion thereof, separately construed, will not be upheld on appeal.

CIVIL ACTION tried before *Stacy, J.*, and a jury at November Term, 1917, of LENOIR.

Plaintiff, about fifteen years old, was employed by the defendant to handle blocks and slabs at its mill, and especially at the end of a slab and block slide to assist in placing the blocks and slabs on the railroad cars. The slide was between 50 and 70 feet long, and at the highest point was 30 feet from the ground, and the base was 40 feet, the slide being triangular in shape. At the top of the slide there was a "tipple," which was swung to it and controlled by a rope, for the purpose of dis-

charging to the ground at that point such blocks and slabs as were not required for loading the cars, or when the hands were loading cars at the other end of the slide. While plaintiff was engaged with others in loading cars with the slabs and blocks collected at the lower end of the slide, the tipple at the upper end was moved and placed so that instead of performing its ordinary function it turned the blocks and slabs into the slide unexpectedly to the plaintiff and he was seriously and permanently injured in his foot. He alleges, further, that this injury was caused by the negligence of the defendant in not securing the tipple with a sufficient rope to hold it in its proper position, or in using a rope for that purpose which was defective and knotted, having broken before, and being unfit to keep the tipple in its proper place so that it would not discharge blocks and slabs in the slide and thereby injure the employees who were working at its lower end.

The defendant denies the negligence and avers that the device by which the blocks or slabs were dropped to the ground was a simple one and its operations well known to and easily understood by the plaintiff, and that if he was injured while engaged in this work it was the result of his own inattention and neglect, there being no danger in doing the work provided ordinary precaution is taken by the employee for his safety; that he was properly instructed as to the method of doing the work in safety and was required to stand away from the slide until all the blocks had dropped from it and were piled on the ground or on the car, and then to place them in position, his duty being to pick up the blocks and slabs and put them in another place.

Upon the allegations thus made and denied issues were submitted to the jury and answered in favor of the plaintiff, the jury assessing his damages at $1,000. The defendant appealed from the judgment.

*J. F. Liles and G. G. Moore for plaintiff.*
*Cowper & Whitaker and J. L. Hamme for defendant.*

WALKER, J., after stating the facts: We cannot see anything in this case to distinguish it from the many of a like kind decided by this Court regarding the law of negligence as bearing upon the respective and reciprocal duties and obligations of master and servant. The real question in the case is whether the plaintiff was injured by the negligence of the defendant in furnishing him with a machine or appliance which was unfit for the reasonably safe performance of his task by reason of some defect in a part of the apparatus. There is evidence from which the jury could infer that if the slide had been in proper condition the work would not have been hazardous, and if due care, which is ordinary care, had been exercised by the defendant, the injury would not have

resulted, and this brings the case fairly within the rule stated in *Cochran v. Mills Co.,* 169 N. C., at p. 63, as follows: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have control of it use the proper care, it furnishes evidence, in the absence of explanation by the defendant, that the accident arose from want of such care," citing numerous cases.

This rule must not be supposed to require that plaintiff, or the party alleging negligence in the construction of a machine at which he is employed to work, must rely altogether upon this prima facie showing by him of negligence, for he may resort to other proof for the purpose of particularizing the negligent act and informing the jury as to the special cause of his injury. This has frequently been done, and the right to make such proof cannot now be questioned.

It would seem in this case that the negligent act of the defendant which caused the injury was the failure to have the slide in proper condition and to secure the tipple or tilt by a rope sufficiently strong to prevent the blocks and slabs from being thrown into the slide at any unexpected time. The plaintiff contended, upon the evidence, that the rope was weak and had been broken before, so that it had knots in it, and that on this occasion it broke while he was at the other end of the tilt, and he was injured by the descending blocks without any fault on his part.

Defendant denies that it was negligent, and alleges that it was the duty of plaintiff to tie the rope and so fasten the tilt as to prevent blocks from being thrown from it down the slide, and that plaintiff failed to perform this duty and also failed to occupy a position of safety, as he had been instructed to do, while performing his work.

With respect to these contentions, the court charged the jury fully and correctly as to the law arising thereon, and the jury have found, therefore, that the injury was not due to the fault of the plaintiff in failing to properly tie the rope to the tilt, but to the fault of the defendant in using for the purpose of securing the tilt in its right place a defective and unsafe rope, and further, that plaintiff was not guilty of negligence in that he disregarded instructions as to the manner in which he should perform his work, and the court sufficiently stated to the jury the law as to any negligence on the part of Claude Moore, plaintiff's fellow-servant, for he told the jury that "plaintiff was not entitled to recover for any negligence of his fellow-servant," and, besides, the instruction was a substantial response to plaintiff's request and almost in its very language. The court also gave proper instructions as to plaintiff's contributory negligence, and all these instructions were certainly as favorable to the defendant as it had the right to expect that they would be or

should have been. The charge must be taken as a whole and so construed, and it is not permissible to select certain detached portions of it and assign error; but we should consider those parts in connection with others which precede and follow them, or the context; and this is true both as to the cause of action and the damages in a case of negligence.

We have examined the charge of the court with care, and find that the law arising upon the evidence was fairly and fully explained to the jury. In regard to the aggravation of the injury by plaintiff's neglect in the treatment of his wound, and his failure to call in a physician sooner than he did, the court charged the jury exactly in response to the defendant's request, and instructed the jury that for any excess of injury or suffering caused by such neglect on his part, he could not recover any damages. This is the language of the court: "The defendant asks me to instruct you that if you should find from this evidence that the plaintiff, by reason of his own carelessness, caused his injury to be greater than it would have been had he exercised proper care in looking after it, then he would not be entitled to recover for any damage which was due to his negligent failure to take care of his own foot. That might be so if the evidence warranted that conclusion. The plaintiff says that it does not; the defendant says that it does. If you find as a fact from this evidence that the plaintiff by his own negligence caused the injury to be greater than it would have been but for his negligence, then you would not allow him anything for whatever additional damages he has sustained by reason of his own negligence." The court then stated the contentions of the parties with respect to this matter and explained the bearing of the evidence upon it and left it with the jury to determine the facts. The instruction was a full compliance with the law.

The expression, "That might be so if the evidence warranted the conclusion," which follows the instruction given at defendant's request, must evidently mean that the plaintiff could not recover for any part of the injury or suffering caused by his own neglect, and if the jury found, upon the evidence, that a part of it was so caused, they should not allow anything for it; and the meaning is made perfectly clear when we consider what immediately follows, viz., "The plaintiff says that it does not warrant it, while defendant says that it does," and the court then proceeds to explain the contentions of the parties so that the jury might find the fact according to the evidence. There was no expression of opinion and no statement by the court that there was no evidence which would support defendant's contention as to this phase of the damages.

The assignment of error closes with the word "conclusion" in the foregoing quotation from the charge, and if this was all that was said by the learned judge, there might be some ground for criticism, but it was

not, and this shows the necessity for examining the charge, not discon-. nectedly, but as a whole, or at least the whole of what was said regarding any special phase of the case or the law. In this instance, the judge properly arrayed the contentions and gave to each party the benefit of full and correct instructions in regard to them, both upon the evidence and the law, and the jury have found the facts against the defendant.

The instruction as to the method of assessing the amount of damages, that is, by estimating the amount of his diminished earning capacity, and so forth, as of the present time, was in strict accordance with the rule as stated in *Fry v. R. R.,* 159 N. C., 357. The other exceptions are without merit, as the evidence admitted was competent.

The motion for a new trial because of newly discovered evidence is denied. *Johnson v. R. R.,* 163 N. C., 431, 453.

No error.