W. P. INGRAM AND WIFE v. YADKIN RIVER POWER COMPANY.

(Filed 3 June, 1921.)

**Appeal and Error — Trials — Damages — Instructions — Agreement of Counsel.**

Where the plaintiff in his action seeks to recover damages of the defendant for injury to his land in ponding water upon it by the erection of a concrete and of a flash dam, and it appears to the Supreme Court, upon a return to a writ of *certiorari* ordered on a former hearing, that the plaintiff abandoned on the trial any claim for damages from the erection of the concrete dam, no error will be found in an instruction to the jury to that effect.

APPEAL by plaintiffs from *McElroy, J.*, at September Term, 1920, of RICHMOND.

This was an action to recover damages for ponding water against and sobbing lands of the plaintiffs by reason of the defendant's concrete dam

and flash dam at Blewett's Falls on the Pee Dee River. Verdict and judgment for defendant. Appeal by plaintiffs.

*W. R. Jones and Stack, Parker & Craig for plaintiffs.*
*Robinson, Caudle & Pruett, Thomas & Phillips, F. W. Bynum, Jas. H. Pou, and W. L. Currie for defendant.*

Clark, C. J. There being an apparent irregularity in settling the case on appeal, on motion of plaintiffs the record was remanded to the judge, with leave to amend the statement of the case, in an opinion by *Stacy, J.*, at this term. The case now comes up before us on the return to the *certiorari*.

The plaintiff in his brief relies upon the assignments of error 5 and 6. No. 5 is that the court refused to submit the issue as tendered by the plaintiff, "Was the land of plaintiffs injured by the maintenance of the dam and flash dam of the defendant as alleged in the complaint?" but divided it, submitting the question of injury by the concrete dam and flash dam under separate issues. No. 6, the other assignment of error relied on, is that the court charged the jury that there was no evidence that the lands of the plaintiff were injured by the erection and maintenance of the defendant's "concrete dam," and instructed the jury to answer the issue "No."

The court makes return to the *certiorari* as follows: "In obedience to the suggestion of the Supreme Court for a more definite finding of fact touching the abandonment by the plaintiffs of claim for damages resulting from the erection and maintenance of the concrete dam, the court finds the following facts:

"That after the plaintiff, W. P. Ingram, and his witness, A. F. Lyman, had testified that the back water from the concrete dam stopped at or near Coleman's Mill, a distance of one and one-half miles below plaintiff's premises, and plaintiff had further testified that no damage had been done to his crops or lands prior to the erection of the flash dam, the court inquired of counsel for plaintiffs if they contended that the plaintiff's premises had been injured by the erection and maintenance of the concrete dam, and counsel replied that *they did not claim* that the lands or crops of the plaintiffs had suffered any injury prior to the erection of the flash dam, the trial thereupon proceeded on the theory and with the understanding upon the part of the court that the plaintiffs did not make any contention that they had been damaged by the erection and maintenance of the concrete dam, but that their damages, if any they had sustained, resulted from the erection and maintenance of the flash dam."

"The appellant cannot be allowed in this Court to maintain a position inconsistent with or directly antagonizing the basic facts of his own suit or question orders which the Court has made in furtherance of his own application," or admissions on the trial below. *Lipsitz v. Smith,* 178 N. C., 100, quoting *Brown v. Chemical Co.,* 165 N. C., 421; *R. R. v. McCarthy,* 96 U. S., 258; *Bank v. Dovetail,* 143 Ind., 534. To same purport, *King v. R. R.,* 176 N. C., 306.

The plaintiffs, having abandoned on the trial any claim for damages arising from the erection of the concrete dam, cannot be heard to assert on appeal that it was error in the court to instruct the jury to that effect.

On the above finding of fact we must adjudge that there has been No error.