A. K. LEDFORD v. THE VALLEY RIVER LUMBER COMPANY.

(Filed 2 June, 1922.)

1. **Appeal and Error—Evidence—Objections and Exceptions—Harmless Error.**

   In an action to recover damages for an injury alleged to have been caused the defendant's employee by a defective power-driven machine at which he performed his duties, evidence on the trial that the defendant, after the injury, rectified the alleged defect in conformity with arrangements used on other like machines for safety, is erroneously admitted; but the error is rendered harmless when the defendant itself has brought out this evidence later on the trial.

2. **Instructions—Construed as a Whole—Appeal and Error—Proximate Cause—Contentions.**

   Where the trial judge has correctly charged the jury as to the elements they should consider in the amount of damages recoverable for a personal injury, his failure to have specifically instructed them that such must be the immediate and necessary consequences of the injury is not reversible error, when from the statement of the contention of the parties and the other relevant parts of the charge the jury must have understood the principle of law applicable.

3. **Damages—Personal Injuries—Proximate Cause—Measure of Damages.**

   For a personal injury proximately caused by the negligence of another, damages past, present, and prospective are recoverable in one sum, fixed

by the jury as being, in their judgment, upon the evidence, a fair and reasonable compensation to the plaintiff, in which they may indemnify the plaintiff for actual nursing, medical attention, etc., and consider his age, prospects, wages, salary, or income from his profession, his mental and physical sufferings, upon evidence tending to show that the injury proximately caused them, the sum so awarded to be on the basis of a present cash settlement.

APPEAL by defendant from *Brock, J.,* at the April Term, 1922, of CHEROKEE.

Civil action to recover damages for an alleged negligent injury. The plaintiff was injured while operating a "lay and sand belt" in the defendant's furniture factory at Murphy, N. C., on 14 August, 1920. He alleges that his injury was due to the negligence of the defendant in failing to exercise ordinary care in undertaking to furnish him a reasonably safe place to work.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by his own negligence, contribute to his injuries, as alleged in the answer? Answer: 'No.'

"3. What damage, if any, is the plaintiff entitled to recover? Answer: '$4,000.' "

Judgment on the verdict in favor of plaintiff, from which the defendant appealed.

*J. H. McCall and J. N. Moody for plaintiff.*
*M. W. Bell and Harkins & Van Winkle for defendant.*

STACY, J. It is assigned as error that the defendant's witness, W. W. Killian, on cross-examination, and over objection, was permitted to testify that the belt which caused the plaintiff's injury was open and unprotected before the accident, and that other belts of a similar kind in the factory had been guarded and encased since the present injury. This evidence, standing alone and by itself, if offered to establish negligence, would have been incompetent, as we have said in a number of decisions, notably *Aiken v. Mfg. Co.,* 146 N. C., 324; *Myers v. Lumber Co.,* 129 N. C., 252, and *Lowe v. Elliott,* 109 N. C., 581. In the last case just cited it was held: "In an action by an employee to recover for injuries alleged to have been received in consequence of defective machinery used by his employer, the fact that after the injury the defendant substituted machinery of different material and adopted additional precautions in its use is no evidence of negligence."

But this same witness, later, at the instance of the defendant, on re-direct examination, and, of course, without objection, testified to the same state of facts. This rendered the previous admission of the same evidence harmless. *Tillett v. R. R.,* 166 N. C., 520; *Smith v. R. R.,* 163 N. C., 146; *Young v. R. R.,* 157 N. C., 78; *Marshall v. Tel. Co.,* 181 N. C., 411, and cases there cited. "The erroneous admission of evidence on direct examination is held not to be prejudicial when it appears that, on cross-examination, the witness was asked substantially the same question and gave substantially the same answer." *Hamilton v. Lumber Co.,* 160 N. C., 48. To like effect are the decisions in *Smith v. Moore,* 149 N. C., 185, and *Blake v. Broughton,* 107 N. C., 220, where it was held that the admission of improper evidence was harmless when it appeared that the fact thereby sought to be shown was otherwise fully and properly established.

The defendant also excepts to the following portion of his Honor's charge on the issue of damages: "Upon that issue, if you come to consider it, you will take into consideration the injury; you will take into consideration the earning capacity of the plaintiff prior to the injury and subsequent; you will take into consideration his suffering, and say what in your judgment, after a careful consideration of all the facts and circumstances, and answer what the plaintiff is entitled to recover under all the facts and circumstances. You will apply, in considering the answer, to the third issue the rule of justice, and say what, if anything, the plaintiff is entitled to recover."

This excerpt, standing alone, might appear to be subject to some criticism; but, taken in connection with the whole charge, we do not think the jury could have been misled by it. His Honor stated fully the contentions of the parties, and the jury must have understood that they were to allow only such damages as were "the immediate and necessary consequences of the injury." *Wallace v. R. R.,* 104 N. C., 451.

In cases like the one at bar, if the plaintiff be entitled to recover at all, he is entitled to recover as damages one compensation—in a lump sum—for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money. Plaintiff is to have a reasonable satisfaction (if he be entitled to recover at all) for loss of both bodily and mental powers, or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury. And it is for the jury to say, under all the circumstances, what is a fair and reasonable sum which the defendant should pay the plaintiff, by way of compensation, for the injury he has sustained. The age and occupation of the injured party, the nature

and extent of his business, the value of his services, the amount he was earning from his business, or realizing from fixed wages, at the time of the injury, or whether he was employed at a fixed salary, or as a professional man, are matters properly to be considered. *Rushing v. R. R.,* 149 N. C., 158. The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present, and prospective. *Penny v. R. R.,* 161 N. C., 528; *Fry v. R. R.,* 159 N. C., 362.

The motion for judgment as of nonsuit was properly overruled. Upon a full and careful consideration of the entire record, we have found no reversible error, and this will be certified to the Superior Court.

No error.