JOHANNA FOX v. THE ASHEVILLE ARMY STORE, INC.

(Filed 8 November, 1939.)

1. **Damages § 11—Evidence of past earnings must relate to probable future earnings with reasonable definiteness in order to be competent.**

　　In an action for damages for personal injury which affects plaintiff's earning capacity, plaintiff is entitled to recover the reasonable present value of the amount by which his future earning power is diminished, and therefore evidence of his earning power before and after the injury is ordinarily competent, but evidence of past earnings must relate to the probable future earnings with sufficient certainty to throw some light upon that question by fair and legitimate deduction.

2. **Same—Evidence of earnings six years prior to injury held incompetent on question of probable future earnings.**

　　Plaintiff instituted this action to recover for a negligent injury which impaired her sight. Plaintiff contended that she had been a public school teacher and that although she had not taught school for six years prior to the injury she had not abandoned her profession and was undertaking

to procure a teacher's certificate to enable her to teach in the public schools in the future, and that the injury in suit so impaired her eyesight that she was unable to read sufficiently to follow the teaching profession and therefore her future earning power had been greatly reduced. *Held:* Whether plaintiff would have been able to obtain the required teacher's certificate rested in uncertainty and speculation, and evidence of her earnings as a teacher six years prior to the injury does not relate to her probable future earnings with sufficient definiteness to be competent, and the admission of such evidence must be held for prejudicial error, especially in view of the fact that it was referred to in the charge as a basis for the computation of damages.

Seawell, J., dissenting.

Clarkson and Schenck, JJ., concur in dissent.

Appeal by defendant from *Pless, J.,* at June Civil Term, 1939, of Buncombe.

Civil action to recover damages for injury allegedly resulting from actionable negligence.

Certain evidence relating to the circumstances under which the alleged injury to plaintiff's left eye was received on 5 March, 1938, is set forth in opinion on former appeal. 215 N. C., 187.

Plaintiff alleges in her complaint that throughout her adult life she has been engaged in the profession of teaching in the public schools of Buncombe County, but that now since the injury of which she complains against defendant, her remaining eye has been so impaired that she is unable to read in the amount and to the extent required in teaching, and that, consequently, her earning capacity has been seriously and permanently impaired.

With relation to this allegation, evidence for plaintiff in the trial court tends to show substantially this factual situation: Plaintiff was fifty-five years of age at the time of the accident resulting in injury to her left eye about which she complains in this action. During her adult life to the year 1932, she has taught in the public schools of Buncombe County. While she has not taught since then, she has not abandoned the teaching profession. In 1933 and 1934, she was undertaking through correspondence study courses to raise the grade of her certificate as a teacher, "because the State was requiring a raise" by 1940. She says that she "knew it was coming and the higher the raise of the certificate the better position" one would get in teaching. She wanted to bring it up to the top—"to bring it to B and then to A." However, in 1934 plaintiff quit the correspondence course—"dropped it off" and was going to take it up again in 1938, and then she was "planning to finish the raise and doing the work" in 1938 and 1939. She says that she rested because she "had until 1940 to do it all up in." She further testified,

"I don't know that I was going to teach in 1940, or anything especially. I was planning to do the work by 1940." In the meantime, in November, 1935, plaintiff lost her right eye as the result of a chip of wood striking it. The evidence tends to show that she had ceased to suffer from this injury and could see to read with her left eye at the time of the accident in 1938.

In the course of her examination as a witness plaintiff was permitted to testify, over objection by defendant, that the last year she taught she was receiving a salary of $85 per month for eight months. Exception.

There was verdict and judgment for plaintiff. Defendant appeals to the Supreme Court, and assigns error.

*Clarence E. Blackstock, George M. Pritchard, and M. A. James for plaintiff, appellee.*

*Smathers & Meekins for defendant, appellant.*

WINBORNE, J. In the light of the facts shown in the record on this appeal, the evidence of salary plaintiff received as a teacher in the year 1932 is incompetent and should have been excluded.

In actions such as this for injuries by negligence, the plaintiff is entitled to recover the reasonable present value of his diminished earning power in the future. *Fry v. R. R.,* 159 N. C., 357, 74 S. E., 971; *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690; *Brown v. Mfg. Co.,* 175 N. C., 201, 95 S. E., 168.

Hence, as a general rule, on the issue of damages, evidence of earning capacity of plaintiff before and after his injury is competent and material. *Wallace v. R. R.,* 104 N. C., 442, 10 S. E., 552; *Rushing v. R. R.,* 149 N. C., 158, 62 S. E., 890; *Ridge v. R. R.,* 167 N. C., 510, 83 S. E., 762; *Beaver v. Fetter,* 176 N. C., 334, 97 S. E., 145; *Ledford v. Lumber Co.,* 183 N. C., 614, 112 S. E., 421.

The purpose in admitting evidence of earnings from past employment in any case is to enable the jury to determine what the future earnings would have been but for the injury. Any earnings from such employment which may fairly and legitimately throw light upon what the probable future earnings would have been is admissible for that purpose. There seems to be no fixed rule as to time in such inquiry, but the past employment must be sufficiently related to the probable future employment of the plaintiff to be reasonably considered as a guide for determining his future earnings. *Wells-Fargo Co. v. Benjamin,* Court of Civil Appeals of Texas, 165 S. W., 120, 17 C. J., 904.

Applying these principles to the factual situation of the case in hand, the earnings of plaintiff as a teacher in 1932 do not fairly and legitimately throw light upon and cannot be reasonably accepted by the jury

as a guide for determining what her future earnings as a teacher would have been if she had not been injured in 1938.

Whether she would have possessed the qualifications and been able to meet the educational requirements for a teacher's certificate of the grade she says will be required in 1940, rested in uncertainty and in the realm of speculation. See *Carpenter v. Power Co.*, 191 N. C., 130, 131 S. E., 400. As in that case, the admission of the evidence cannot be held as harmless error, for here the court, in stating in the charge to the jury the contentions of plaintiff, specifically called attention in this language to the past employment and earnings of plaintiff as a teacher: "Her contention being that previous to the time in question she had been teaching school, and that at the immediate time she was preparing herself for a high certificate which would have permitted her to resume her occupation of teaching, and that from it she could have made a substantial salary, a salary in the neighborhood of $70.00 to $80.00 a month."

As there must be a new trial, other assignments are not considered as they may not then recur.

For error designated, let there be a
New trial.

SEAWELL, J., dissenting: While in her complaint the plaintiff does set up the fact that the injury to her eye, caused by the negligence of the defendant, has deprived her of the opportunity of engaging in teaching in the public schools, to which her life work had been devoted, and that she has received damage on that score, the allegations are quite sufficient to sustain a recovery for damages to her earning capacity when employed in any other occupation which might be open to her. Any evidence relative to that claim cannot be excluded without error. The objection and the exception to the admission of evidence that this plaintiff taught for a long period of years in the public schools of North Carolina, at a salary of $85.00 per month, raises only the question of relevancy, and has nothing to do with the force and effect of the evidence, and, for that reason, has nothing to do with any instruction which the judge may have given to the jury with relation to its proper use. If there is any error, it is necessarily in the instruction of the court, to which exception should have been made and this treated on its own merit.

Evidence of the character to which exception is made has been uniformly accepted as bearing upon the diminution of earning capacity, generally, to engage in any occupation involving the exercise of similar faculties of intelligence and habits of industry, and the salary received by this plaintiff in the work she chose, and to which she gave her continuous and loyal service, is a gauge of such capacity: Sutherland on

Damages, Vol. 4, sections 1245, 1246, *et seq.,* pp. 4690, *et seq.; Missouri, etc., R. Co. v. Nesbit,* 40 Tex. Civ. App., 209; *Escher v. Carroll County,* 159 Iowa, 627; *Hughes v. Harbor & S. B. & S. Assn.,* 131 App. Div. (N. Y.), 185; *McCullough v. Illinois S. Co.,* 14 Ill. App., 566; *O'Connell v. City of Davenport,* 164 Iowa, 95; *Southern Bell Tel. Co. v. Shamos,* 12 Ga. App., 463; 17 C. J., pp. 901, *et seq., ibid.,* pp. 903, *et seq.;* subhead, "Earnings in Other Employments," note 51, and cases cited; *Pawlicki v. Detroit United R. Co.,* 191 Mich., 536, 158 N. W., 162.

This is not a proceeding under the Unemployment Compensation Law, where the award is calculated upon recent earnings and the pay is out of a fund raised by contribution; it is not a case under the Workmen's Compensation Act, where the employer is assessed by uniform rules based upon the employee's earnings in his job; it is a suit against a third party for a negligent injury which has diminished the plaintiff's earning capacity with reference to any employment that might be open to her. In fact, the evidence has nothing to do with the measure of damages, but is intended to be evidentiary only as to the effect of the injury on earning capacity.

We cannot deny to the plaintiff in a case of this sort the opportunity for readjustment, and even for rehabilitation, or its consideration by the jury. Even if we consider the relation of plaintiff's earning capacity to the profession in which she had been employed—teaching—competent authority is to the effect that she has the right to show that she was fitting herself to continue the very vocation for which the injury incapacitated her, and which defendant claims she could not have entered on other grounds. Sutherland on Damages, sec. 4698, note 49; *Howard O. Co. v. Davis,* 76 Tex., 630, 17 Am. Neg. Cas., 615. Here, the defendant was permitted to show that the plaintiff had no certificate to teach in the public schools, and probably would not be able to get one. This evidence is unobjectionable, as it bears upon the earning capacity of the plaintiff generally, and also tends to rebut the evidence of the plaintiff that she might avail herself of a future opportunity to return to teaching in the public schools; but if there is any speculation in the matter, it is on the part of the court when it arbitrarily assumes that she will not be able to make the grade and will, therefore, not be permitted to teach in the public schools again. Upon such arbitrary conclusion alone could the court have excluded her earning capacity as a teacher in the public schools. Further, the laws of North Carolina do not prohibit teaching without a certificate; a certificate is only required for teaching in the public school system. The opportunity for private teaching and tutoring is still large, and plaintiff, albeit handicapped by narrowing the field of her activity as a teacher, still might have had this field to look to.

What seems to me to be error in the decision of the Court is that it is practically held that plaintiff can only recover for the diminution of her earning capacity as a teacher in the public schools of North Carolina, and if she can teach in them no more, evidence of her earning capacity in that regard is incompetent. See authorities above cited. Since the inquiry under the pleadings, as exemplified in the issue submitted to the jury, covered, as it should, a much wider scope and related to her general capacity to earn a living in any gainful occupation, it would have been error to exclude this evidence, or, in fact, any evidence of a prior occupation in which she earned money at any time. If plaintiff cannot present to the jury evidence pertaining to the only occupation she had ever pursued, and the salary which she received therein, so far as available evidence is concerned she may have spent her whole life in mental and physical ineptitude, without either the ability or the desire to do work of any kind. The evidence considered throws the light upon plaintiff's intelligence, industry and adaptability, prime qualifications in any vocation she might undertake; and the amount earned by her is a further indication as to their extent and effectiveness.

In *Wallace v. R. R.,* 104 N. C., 442, the rule given in 2 Wood Railways, 1240, on this point is adopted and italicized: "The age and occupation of the injured person, the value of his services, that is, *the wages which he has earned* in the past, whether he has been employed at a fixed salary or as a professional man, are proper to be considered." This case makes the distinction, to which I have already called attention, that inquiry into the earnings does not involve the rule of damages, but only services to enable the jury to arrive at a fair estimate of the amount. "An inquiry, however, as to his earnings in his business is competent. *It is not itself a rule of damages.* There are many other elements of damages to be considered, and 'upon all the circumstances it is for the jury to say what is a reasonable and fair compensation which the defendant should pay the plaintiff, by way of compensation, for the injury he has sustained.'" Here, the admission of evidence as to plaintiff's salary received in past time as a teacher in the public schools establishes no rule that the award of the jury should be measured by it, or even that it should have a controlling influence amongst the many elements considered in determining the amount they should, in their discretion, allow.

In *Broyles v. Prisock,* 97 Ga., 643, 25 S. E., 389, evidence that plaintiff was earning a salary in a certain position was admitted not only as an element in establishing his loss, but also to throw light, generally, upon his earning capacity.

In *Pawlicki v. Detroit United R. Co., supra,* the plaintiff had been, at some time before his injury, a shoemaker, but did not intend to resume that business. The Court said: "His fitness for that vocation and what

he had recently been able to earn in it were the only available evidence from which his loss by reason of destruction of earning capacity could be weighed, and we think was clearly competent for the jury to take into consideration for whatever light it might throw on the question of damages."

See, also: *Grimmelman v. Railway Co.,* 70 N. W., 90, 98, confirming this principle, and *Rayburn v. Railway Co.,* 74 Iowa, 643, 35 N. W., 606.

In the main opinion this evidence seems to be condemned as improper because of its remoteness, although it is admitted in the opinion that "there seems to be no fixed rule as to time in such inquiry." The "remoteness" upon which the evidence is considered inadmissible must, therefore, relate, as I said in the beginning, to its relevancy as evidence of earning capacity. It seems to me obvious that if it were conceded, and it is neither conceded nor proved, that she could teach no more, such evidence still has some probative force in connection with what she might be able to do, even in her partially blinded condition, or might have done except for the injury.

Evidence of earning capacity must come up the hard way—that is, through experience in earning. Evidence of holding one job or another is not of itself sufficient. Courts speak of the market value of services. The test of earning capacity lies in the actual earnings. There is an evidential connection between this plaintiff's earnings in her former work and her general earning capacity which cannot be denied.

I am quite sure that the profession at large, who have had experience with the development of like cases, will consider the decision as an innovation upon the practice.

CLARKSON and SCHENCK, JJ., concur in dissent.