SEAWELL, J., dissenting.
CLARKSON and SCHENCK, JJ., concur in dissent.
Civil action to recover damages for injury allegedly resulting from actionable negligence.
Certain evidence relating to the circumstances under which the alleged injury to plaintiff's left eye was received on 5 March, 1938, is set forth in opinion on former appeal. 215 N.C. 187.
Plaintiff alleges in her complaint that throughout her adult life she has been engaged in the profession of teaching in the public schools of Buncombe County, but that now since the injury of which she complains against defendant, her remaining eye has been so impaired that she is unable to read in the amount and to the extent required in teaching, and that, consequently, her earning capacity has been seriously and permanently impaired.
With relation to this allegation, evidence for plaintiff in the trial court tends to show substantially this factual situation: Plaintiff was fifty-five years of age at the time of the accident resulting in injury to her left eye about which she complains in this action. During her adult life to the year 1932, she has taught in the public schools of Buncombe County. While she has not taught since then, she has not abandoned the teaching profession. In 1933 and 1934, she was undertaking through correspondence study courses to raise the grade of her certificate as a teacher, "because the State was requiring a raise" by 1940. She says that the "knew it was coming and the higher the raise of the certificate the better position" one would get in teaching. She wanted to bring it up to the top — "to bring it to B and then a A." However, in 1934 plaintiff quit the correspondence course — "dropped it off" and was going to take it up again in 1938, and then she was "planning to finish the raise and doing the work" in 1938 and 1939. She says that she rested because she "had until 1940 to do it all up in." She further testified, *Page 470 
"I don't know that I was going to teach in 1940, or anything especially. I was planning to do the work by 1940." In the meantime, in November, 1935, plaintiff lost her right eye as the result of a chip of wood striking it. The evidence tends to show that she had ceased to suffer from this injury and could see to read with her left eye at the time of the accident in 1938.
In the course of her examination as a witness plaintiff was permitted to testify, over objection by defendant, that the last year she taught she was receiving a salary of $85 per month for eight months. Exception.
There was verdict and judgment for plaintiff. Defendant appeals to the Supreme Court, and assigns error.
In the light of the facts shown in the record on this appeal, the evidence of salary plaintiff received as a teacher in the year 1932 is incompetent and should have been excluded.
In actions such as this for injuries by negligence, the plaintiff is entitled to recover the reasonable present value of his diminished earning power in the future. Fry v. R. R., 159 N.C. 357, 74 S.E. 971; Johnsonv. R. R., 163 N.C. 431, 79 S.E. 690; Brown v. Mfg. Co., 175 N.C. 201,95 S.E. 168.
Hence, as a general rule, on the issue of damages, evidence of earning capacity of plaintiff before and after his injury is competent and material. Wallace v. R. R., 104 N.C. 442, 10 S.E. 552; Rushing v. R.R., 149 N.C. 158, 62 S.E. 890; Ridge v. R. R., 167 N.C. 510,83 S.E. 762; Beaver v. Fetter, 176 N.C. 334, 97 S.E. 145; Ledford v. LumberCo., 183 N.C. 614, 112 S.E. 421.
The purpose in admitting evidence of earnings from past employment in any case is to enable the jury to determine what the future earnings would have been but for the injury. Any earnings from such employment which may fairly and legitimately throw light upon what the probable future earnings would have been is admissible for that purpose. There seems to be no fixed rule as to time in such inquiry, but the past employment must be sufficiently related to the probable future employment of the plaintiff to be reasonably considered as a guide for determining his future earnings.Wells-Fargo Co. v. Benjamin, Court of Civil Appeals of Texas,165 S.W. 120, 17 C. J., 904.
Applying these principles to the factual situation of the case in hand, the earnings of plaintiff as a teacher in 1932 do not fairly and legitimately throw light upon and cannot be reasonably accepted by the jury *Page 471 
as a guide for determining what her future earnings as a teacher would have been if she had not been injured in 1938.
Whether she would have possessed the qualifications and been able to meet the educational requirements for a teacher's certificate of the grade she says will be required in 1940, rested in uncertainty and in the realm of speculation. See Carpenter v. Power Co., 191 N.C. 130, 131 S.E. 400. As in that case, the admission of the evidence cannot be held as harmless error, for here the court, in stating in the charge to the jury the contentions of plaintiff, specifically called attention in this language to the past employment and earnings of plaintiff as a teacher: "Her contention being that previous to the time in question she had been teaching school, and that at the immediate time she was preparing herself for a high certificate which would have permitted her to resume her occupation of teaching, and that from it she could have made a substantial salary, a salary in the neighborhood of $70.00 to $80.00 a month."
As there must be a new trial, other assignments are not considered as they may not then recur.
For error designated, let there be a
New trial.