84 S.E.2d 163 (1954)
240 N.C. 770
Alfonso OWENS
v.
Jesse KELLY.
No. 99.
Supreme Court of North Carolina.
October 20, 1954.
*164 Uzzell & DuMont, Asheville, for plaintiff, appellee.
Meekins, Packer & Roberts, Asheville, for defendant, appellant.
PARKER, Justice.
The defendant contends by his assignments of error brought forward and discussed in his brief that the court erred in the admission of evidence, and in charging the jury.
The plaintiff testified in substance as follows: That prior to his injuries received in the automobile collision between defendant and himself, he and his wife worked for Mr. Chapuisat. That he worked as cook, chauffeur, yard work, house work and those sort of things. That when he returned to work after the collision, he worked for Mr. Chapuisat for a month. Then he quit, because he was not able to carry on his work by reason of his back injury. His wife stopped at the same time; they customarily worked at the same place, and have for a number of years. Then he and his wife went to work for Mr. and Mrs. T. N. Ward. After working there around six months, his wife got sick. He had to change jobs after that. He then went to work for Mr. Buchanan as a cook. He quit that work after eight months, as he was not physically able to do the work. He then went to work for Judge Junius G. Adams. On cross-examination he testified *165 his wife was sick and couldn't work, and he had to make what he could working without his wife working with him. The plaintiff did not testify, either on direct or cross-examination, as to the amount of wages paid to him or his wife, or to them as a teamnot a word as to his earnings.
Defendant's wife on direct and crossexamination made no mention of any amount received by her or her husband, or both, for working. On re-direct examination she testified in substance: We (meaning plaintiff and herself) worked together at Mr. Chapuisat's. He did the biggest portion of the work. She looked after the baby, and helped him with the house work when she could. He cooked, did the heavy cleaning, and drove and looked after the yard when he had to. She was then asked this question: "What amount of money did Mr. Chapuisat pay for the services?" Objection by defendant, sustained, exception by plaintiff. After argument by plaintiff's counsel the court reversed its ruling, overruled the defendant's objection, and the defendant excepted. The question was not answered. Plaintiff's counsel then asked this question: "How much did you make at Mr. Chapuisat's?" A. "$300.00 a month." The defendant made a motion to strike, which the court denied, and the defendant excepted. Plaintiff's counsel then asked this question: "How much did you make at Mrs. Ward's?" Objection by defendant, overruled, and exception by defendant. A. "$200.00." On re-cross-examination she said in substance: He made $55 a week working at Buchanan's Restauranthe made more there than both of us working at Ward's and Chapuisat's.
After the defendant rested its case, the plaintiff was recalled to the stand. He testified that he made $30 a week working for Judge Adams. On cross-examination he said he and his wife were working for $300 a month for Mr. Chapuisat.
What appears above is a summary of all the evidence in the Record as to plaintiff's earnings. Neither Mr. nor Mrs. Chapuisat, nor Mr. nor Mrs. Ward were called as witnesses.
In an action to recover damages for personal injury resulting from defendant's negligence, the plaintiff is entitled to recover the present worth of all damages sustained in consequence of defendant's tort. These are understood to embrace indemnity for loss of time, or loss from inability to perform ordinary labor, or capacity to earn money, which are the immediate and necessary consequences of his injury. The age and occupation of the plaintiff, the nature and extent of his employment, the value of his services, and the amount of his income at the time, whether from fixed wages or salary, are matters properly to be considered by the jury. We have not stated the full rule of damages in such cases, but only so much of it as is pertinent to the question of evidence before us. Mintz v. Atlantic Coast Line R. Co., 233 N.C. 607, 65 S.E.2d 120; Ledford v. Valley River Lumber Co., 183 N.C. 614, 112 S. E. 421; Rushing v. Seaboard Air Line R. Co., 149 N.C. 158, 62 S.E. 890.
"In personal injury actions great latitude is allowed in the introduction of evidence to aid in determining the extent of the damages; and as a broad general rule any evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of defendant's acts is admissible in such actions, if otherwise competent." 25 C.J.S., Damages, § 146, page 794, quoted verbatim in Mullinax v. Great Atlantic & Pacific Tea Co., 221 S.C. 433, 70 S.E.2d 911.
Plaintiff was entitled to show the wages Mr. Chapuisat was paying him at the time of his injury, and what wages the Wards paid him for six months shortly after his injury. Fox v. Asheville Army Store, 216 N.C. 468, 5 S.E.2d 436; Rushing v. Seaboard Air Line R. Co., supra; Wallace v. Western N. C. R. Co., 104 N.C. 442, 10 S.E. 552; Stynes v. Boston Elevated Ry. Co., 206 Mass. 75, 91 N.E. 998, 30 L.R.A., *166 N.S., 737; 15 Am.Jur., Damages, p. 504; 25 C.J.S., Damages, § 86. However, while this evidence is competent for the jury's consideration, it would seem that the jury should estimate the damages on the injured party's ability to earn money rather than what he actually received, and the amount which plaintiff is capable of earning, and not that which he has actually earned since the injury, is to be taken for the purpose of comparison with his previous earnings as showing the diminution of earning capacity. 25 C.J.S., Damages, § 87, page 620, and cases cited.
In an action for damages for wrongful death we have held that direct evidence of the earnings of the deceased is not essential. Hicks v. Love, 201 N.C. 773, 161 S.E. 394.
G.S.N.C. § 52-10 provides that the earnings of a married woman shall be her sole and separate property as fully as if she had remained unmarried.
In our opinion, the ruling of the court was correct in admitting this evidence for the consideration of the jury. However, while plaintiff and his wife were working as a team, his wages could not be augmented by what she was receiving, or entitled to receive, for her services. Croom v. Goldsboro Lumber Co., 182 N.C. 217, 108 S.E. 735.
The defendant's assignment of error No. 9 is to the charge of the court on the first issue as to burden of proof. The first issue is as follows: "Was the plaintiff damaged by the negligence of the defendant, as alleged in the complaint?" After reading the issue to the jury, the court properly placed upon the plaintiff the burden of proof to satisfy the jury by the greater weight of the evidence that the injury complained of was caused by the negligence of the defendant. Then the court charged as follows: "Burden of proof is an expression that means the duty to establish the truth of the complaint of the person who has the burden of proof by the preponderance of greater weight of the evidence in order to make out a prima facie case. A prima facie case means a case which the jury can consider, but, not necessarily must, but may, find in the person's favor who seeks the affirmative of the issue, in this case on the first issue, the plaintiff."
"The rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests, and therefore it should be carefully guarded and rigidly enforced by the courts." Skyland Hosiery Co. v. American Ry. Express Co., 184 N.C. 478, 114 S.E. 823, 824; Hunt v. Eure, 189 N.C. 482, 127 S.E. 593; Boone v. Collins, 202 N.C. 12, 161 S.E. 543. Error in respect thereof usually entitles the aggrieved party to a new trial. Vance v. Guy, 224 N.C. 607, 31 S.E.2d 766, 767.
In Vance v. Guy, supra, the following instruction in the charge was held to be prejudicial error. Speaking to the burden of proof, "the court instructed the jury that the plaintiff had the burden of the issue, which never shifted, but `when the actor has gone forward and made a prima facie case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him.'"
The trial judge in effect instructed the jury that on the first issue the plaintiff had the burden of proof by the greater weight of the evidence in order to make out a prima facie case, and that on a prima facie case the jury could answer the first issue Yes. It is elementary learning that the plaintiff has the burden of proof to satisfy the jury by the greater weight of the evidence that the defendant was guilty of actionable negligence as alleged to prevail; and if he does not carry such burden, he fails. The inexactness of this instruction may well have been the decisive factor on the trial, as the contention of plaintiff that he was injured by the actionable negligence of the defendant was sharply contested. A prima facie case simply carries the case to the jury for determination and no more. Vance v. Guy, supra; McDaniel v. Atlantic Coast Line Ry., 190 N.C. 474, 130 S.E. 208; Hunt v. Eure, supra.
*167 The defendant's assignments of error Nos. 11 and 12 are to the court's instructions as to the second issue of contributory negligence of the plaintiff. The court instructed the jury that the burden of proof is upon the defendant to satisfy the jury by the greater weight of the evidence that the defendant was negligent in one or more of these respects, and that his, the plaintiff's negligence was a proximate cause of plaintiff's injuries. Counsel for defendant immediately called the court's attention to the fact that the court had "stated that the burden is upon the defendant to prove that the defendant was negligent." The court thanked defendant's counsel, and instructed the jury that the burden of proof was upon the defendant to satisfy the jury that the plaintiff was guilty of contributory negligence. Then immediately thereafter the court charged: "If you so find, that the defendant was negligent, and you find it by the greater weight of the evidence, burden being upon the defendant to so prove, it would be your duty to answer that issue" (the second issue) "Yes." The above is all the court charged as to burden of proof on the second issue. The court then proceeded to the issue of damages.
It is settled law that the burden of proof of contributory negligence under the second issue is upon the defendant. James v. Atlantic & East Carolina R. Co., 233 N.C. 591, 65 S.E.2d 214.
Plaintiff's contributory negligence, to bar recovery, need not be the sole proximate cause of the injury, as this would exclude any idea of negligence on defendant's part. Godwin v. Atlantic Coast Line R. Co., 220 N.C. 281, 17 S.E.2d 137. It suffices, if it contributes to the injury as a proximate cause, or one of them. McKinnon v. Howard Motor Lines, 228 N.C. 132, 44 S.E.2d 735.
"The very term `contributory negligence' ex vi termini implies or presupposes negligence on the part of the defendant." Carolina Scenic Stages v. Lowther, 233 N. C. 555, 64 S.E.2d 846, 848.
Three times the court instructed the jury on the burden of proof as to the second issue. The first time incorrectly, the second time correctly, and the third and last time incorrectly. "The members of the jury are not supposed to be able to determine when the Judge states the law correctly and when incorrectly." Templeton v. Kelley, 217 N.C. 164, 7 S.E.2d 380, 381; Hartley v. Smith, 239 N.C. 170, 79 S.E.2d 767.
The conflicting instructions were material and prejudicial, since the jury may have acted upon the incorrect instruction. State v. Brady, 238 N.C. 404, 78 S.E.2d 126.
Another trial seems necessary. It is so ordered.
New trial.