CURTIS BEAVER, BY HIS NEXT FRIEND, P. M. McGRAW, v. W. H. FETTER.

(Filed 6 November, 1918.)

### 1. Appeal and Error—Evidence, Irrelevant.

In an action by an employee to recover damages involving only the negligent failure of the employer to furnish sufficient help for the work he was required to do, an answer of a witness that the employer had generally furnished sufficient tools could have no effect upon the verdict, and was without prejudice to the defendant's rights.

### 2. Damages—Negligence—Personal Injury—Earning Capacity.

Where the plaintiff sues to recover damages for a personal injury alleged to have been negligently inflicted on him by the defendant, his employer, his earning capacity before and after the injury is competent on the issue of damages.

### 3. Evidence—Collective Facts—Opinion.

A carpenter who was present at the time the plaintiff was injured while assisting to get out certain lumber in the course of his employment may testify as a fact, from his experience, that the defendant had not furnished sufficient help for the purpose, when relevant to the injury, and his testimony is not incompetent as opinion evidence.

### 4. Appeal and Error—Evidence—Objections and Exceptions.

Where the witness has already, and without objection, testified to certain matters of evidence, an objection thereafter made to the same evidence will not be considered upon exception and appeal.

### 5. Evidence—Demurrer—Nonsuit.

Where there is sufficient evidence to take the case to the jury after the introduction of the plaintiff's evidence, the defendant's demurrer thereto and renewed after all the evidence had been introduced is properly denied.

APPEAL by defendant from *Shaw, J.,* at the January Term, 1918, of FORSYTH.

This is an action to recover damages for personal injury caused, as the plaintiff alleges, by the negligence of the defendant.

On 14 June, 1916, the plaintiff was a helper in the employment of the defendant in the construction of a building on North Liberty Street, in the city of Winston-Salem, N. C. The defendant had in charge of the construction as foreman a Mr. Duke. The defendant had piled some timbers 12 x 12 x 24, weighing about 2,000 pounds each, two deep along Liberty Street on the top of other timber 10 x 10, making a pile about three and a third feet high. At the north end of the pile the defendant had constructed a tool-house, which extended about ten feet from the curb into the street and at the time of the injury complained of had some large window frames setting against the tool-house extending south past the end of the heavy timbers. The defendant had nailed cross pieces

from the top of the window frames to the heavy timbers to hold them up, thus forming a pocket 18 inches wide with a space of 12 to eighteen inches between the tool-house and the ends of the timbers. Mr. Duke, the defendant's foreman, had instructed the plaintiff, who was a minor and inexperienced, and two carpenters to get a girder from the bottom of the pile and directed the plaintiff in particular to go into the pocket and hold one end of the girder on the pile of timber to prevent its falling against the window frames while the other two let the other end of the girder down with canthooks. The plaintiff complained to Mr. Duke, who was present and directing the work, that there was insufficient help, that he could not hold the heavy girder himself, but Mr. Duke ordered him to "go on and do it." The plaintiff attempted to obey.

There was evidence tending to prove that the place where the plaintiff was required to work was not reasonably safe, and that there was insufficient help to move the timbers.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed, assigning the following errors:

1. That the court erred in allowing the plaintiff to testify, over defendant's objection, as to whether he had done similar work and how many men it took to do it.

2. That the court erred in allowing the plaintiff to testify, over defendant's objection, what his weekly average earning capacity was before he was injured and since then.

3. That the court erred in allowing the witness Frank Morgan to testify as to whether the workman had sufficient help back at the far end to keep the log from falling off, over defendant's objection.

4. That the court erred in declining to grant defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence.

5. That the court erred in refusing to grant defendant's motion for judgment as of nonsuit at the close of all the evidence.

*John C. Wallace for appellee.*
*S. J. Bennett for defendant.*

ALLEN, J. 1. The first assignment of error is not sustained by the record. The witness was asked if he had done similar work before, and how many men were required, but his answer was that they generally had sufficient tools, which has no bearing on any alleged negligence of defendant, and could not have affected the verdict.

2. The earning capacity of the plaintiff before and after his injury was competent and material on the issue of damages.

3. Frank Morgan, a carpenter, was present at the time of the injury and was testifying to a fact which came under his observation, and not to an opinion, when he stated that the defendant did not have sufficient

help (*Taylor v. Security Co.,* 145 N. C., 83; *Ives v. L. Co.,* 147 N. C., 308; *Britt v. R. R.,* 148 N. C., 40); but if incompetent, the witness had already testified to the same fact, without objection, when he said, "To handle it right and no danger, you ought to have six or seven men. I did not see but three at the place and time of this accident."

In *Ives v. L. Co.* the same question was presented, the Court said, "The reply of the witness that the defendant did not furnish rafting gear 'sufficient' to do the business was competent as evidence of a fact within his knowledge. This was not a mere matter of opinion, but the result of knowledge and observation."

4 and 5. The motion for judgment of nonsuit could not have been allowed at the close of the plaintiff's evidence because, as is admitted in the brief of the defendant, "there was some evidence to go to the jury," and if so, the same evidence was in at the conclusion of all the evidence, although its force may have been weakened by the evidence of the defendant or of the plaintiff in rebuttal.

We have carefully examined the record and find no error.

No error.