FRANK H. MARSHALL v. INTERSTATE TELEPHONE AND TELEGRAPH COMPANY AND DURHAM TRACTION COMPANY.

(Filed 3 June, 1921.)

**Appeal and Error—Objections and Exceptions—Negligence—Evidence Admitted Without Objection—Questions for Jury—Trials.**

> The principle upon which an exception to the admission of evidence is untenable when such has theretofore been admitted without objection, has no application when the testimony excepted to is incompetent as an invasion of the province of the jury to ascertain a fact at issue as to the defendant's actionable negligence, and that formerly admitted relates to notice of defendant of the conditions existing at the time. (STACY, J., on petition to rehear.)

PETITION by plaintiff to rehear, case decided at this term, *ante,* p. 292.

*Brawley & Gantt for petitioner.*
*Bryant & Brogden, W. L. Foushee for Traction Company.*
*Fuller, Reade & Fuller for Telephone Company.*

STACY, J. This case was before the Court at the present term, and a new trial awarded for error in the admission of incompetent opinion evidence. The plaintiff files a petition to rehear and asks that the former decision be reversed and that the judgment of the Superior Court on the verdict be affirmed.

It was alleged in the complaint, as one of the main grounds of actionable negligence, and denied in the answer, that the defendants had failed to furnish the plaintiff, an employee, a reasonably safe place to work. Chester Whitaker, a witness for the plaintiff, who had examined the place on Vickers Avenue where the injury occurred, was permitted to testify, over objection, that in his opinion the conditions, as he found them some thirty or forty minutes after the injury, were not safe. This was the very question the jury was to determine. The plaintiff now says that the admission of this evidence should not be held for reversible or prejudicial error because the same witness, previously and without objection, had been allowed to testify as follows:

"I had notified the telephone company and the traction company about the general condition where the two lines occupy the same side of the street. There are several conditions like that in the city. It was these that I called their attention to. I have no record of having mentioned Vickers Avenue or any other place, but the general condition. I just notified them about the condition where they both occupied the same side of the street. Where the two systems are brought closer together than is safe. I have a copy of a letter that specifies some

location, but Vickers Avenue is not on it. I told Mr. Conrad about it. Mr. Conrad was superintendent or manager."

It has been held with us, in a number of cases, that where the testimony of a witness has been given without objection a subsequent exception to the same evidence will not avail. *Beaver v. Fetter,* 176 N. C., 335; *Tillett v. R. R.,* 166 N. C., 520; *Smith v. R. R.,* 163 N. C., 146; *Young v. R. R.,* 157 N. C., 78; *Proctor v. Finley,* 119 N. C., 541.

But it will be observed that, in the instant case, the previous testimony of the witness Whitaker is not the same as that to which the defendants objected and excepted. It was competent for him to say that he had notified the defendants of certain conditions, which he considered unsafe, as tending to show that the matters had been brought to the attention and knowledge of the defendants. The hurtful part of his evidence was the opinion he gave to the jury, under oath, and not what he had said to the defendants out of court and on some other occasion.

In passing, it may be noted that the position now urged by the plaintiff was omitted in his brief when the case was argued on the original hearing. All material exceptions, not abandoned by appellants, should be considered with care, and counsel should call the Court's attention to such portions of the record as tend to sustain the validity of the trial.

After a further investigation and examination of the case, I think the plaintiff's petition to rehear should be denied, and it is so ordered.

Petition denied.